# Kent Iron & Hardware Co. *v.* Norbeck & Miley, Appellants.

*Manufacture and sale—Delivery—Conflicting evidence—Charge.*

Where, in an action of replevin, the testimony was conflicting as to when title to property manufactured on order was to pass, the court properly left the question to the jury.

*Assignments of error—Exclusion of evidence—Practice.*

An assignment of error which specifies that the court erred in disallowing defendant's question, quoting the question but not the bill of exception, is not in compliance with the rule of court.

Argued May 20, 1892.   Appeal, No. 447, Jan. T., 1892, by defendants, from judgment of C. P. Lancaster Co., Jan. T., 1889, No. 57, on verdict for plaintiffs.   Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Replevin for four buggies.   Norbeck, one of the defendants, claimed the property, gave bond, retained the property, and, after narr filed, pleaded non cepit and property.   There was no denial of the partnership, as required by rule of court, where defence is sought to be made on that ground.

The evidence on the trial before LIVINGSTON, P. J., was to the following effect: Defendants being indebted to plaintiffs agreed to build four buggies in payment of the debt.   Before they were delivered they were sold by Norbeck to a third party. The evidence was conflicting as to whether they were finished, and as to when title was to pass.   Miley denied partnership.

The court charged, *inter alia:*

" If from all the evidence you find that these buggies were to be the property of plaintiff as soon as finished, as plaintiff says they were, and you also find that they were fully finished, covered up for shipment, and set apart from among the other buggies in the shop for plaintiff, your verdict should be for plaintiff for their value with interest from the time they should have been delivered, for actual delivery of personal property is not always necessary to the vesting of title, it is only evidence of it." [4]

Defendants' points, refused, were:

" 3. There being no evidence of any right to recover against Jacob Miley in this suit, the verdict must be in favor of defendants. [1]

" 4. Under the law and evidence in this case the verdict must be in favor of the defendants." [2]

*Errors assigned* were (1, 2, 4) instructions, quoting points and charge; and (3) " the court erred in disallowing defendants' question to E. B. Moore, president and agent of the Kent Iron & Hardware Co., the plaintiff (Appendix, page 2). ' Q. You knew before making this contract that the firm of Norbeck & Miley had been dissolved.' "

*W. H. Roland, J. Hay Brown* with him, for appellant; *B. F. Davis,* for appellee, not heard.

PER CURIAM, July 13, 1892.

The defendant's third and fourth points prayed for a binding instruction in their favor.   This was properly refused, and such refusal forms the subject of the first and second specifications. The third is not properly assigned, and will not be considered. The remaining specification alleges error in the charge of the court.   We think that portion of it embraced within the specification, is free from criticism.   It left the jury to find whether the buggies in question were the property of the plaintiff. This was the only material fact in the case, and, as it was properly submitted, the judgment must be

Affirmed.